```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ALBERT MARCUS MORRISHOW              :
                                     :
                 Plaintiff,          :    REPORT AND
                                     :    RECOMMENDATION
          -v.-                       :
                                     :    11 Civ. 5103 (GBD) (GWG)
                                     :
WEILL MEDICAL SCHOOL OF CORNELL      :
UNIVERSITY, et al.,                  :
                                     :
                 Defendants.         :
---------------------------------------------------------------x
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Albert Marcus Morrishow, proceeding pro se, brings this action against defendants Weill Medical College of Cornell University ("WMC"), Steven Gross, Ph.D., and Harry Lander, Ph.D., alleging discrimination on the basis of race, color, and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq., and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code § 8–101 et seq., as well as age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., NYSHRL, and NYCHRL. Defendants now move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").[1] For the following reasons, defendants' motion for summary judgment as to the federal

---

[1] Notice of Motion for Summary Judgment, filed Nov. 8, 2012 (Docket # 22); Declaration of James R. Kahn in Support of Defendants' Motion for Summary Judgment Dismissing the Complaint, filed Nov. 8, 2012 (Docket # 24) ("Kahn Decl."); Declaration of Steven Gross, filed Nov. 8, 2012 (Docket # 25) ("Gross Decl."); Declaration of Harry Lander, filed Nov. 8, 2009 (Docket # 26) ("Lander Decl."); Memorandum of Law in Support of Defendants' Motion for Summary Judgment, filed Nov. 8, 2012 (Docket # 28) ("Def. Mem."); Defendants' Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1, filed Nov. 9, 2012 (Docket # 29); Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment, filed

claims should be granted and plaintiff's remaining claims should be dismissed without prejudice.

I.   BACKGROUND

The following facts are undisputed unless otherwise stated.

Morrishow is an African-American male born on August 26, 1954. Pl. 56.1 Statement at 9;[2] Complaint for Employment Discrimination, filed July 13, 2011 (Docket # 2) ("Compl."), ¶ II.E. In September 1998, Dr. Gross hired Morrishow to work as a Research Technician in the Mass Spectrometry Core Laboratory (the "Laboratory") at WMC. Pl. 56.1 Statement at 9, 12; Complaint Statement (annexed to Compl.) ("Compl. Statement"), at 2. Mass spectrometry is an analytical technique used to measure the mass-to-charge ratio of molecules. See Compl. Statement at 2 n.1.

In the 2010 fiscal year (July 1, 2009 to June 30, 2010) there was a $13 million budget shortfall. See Lander Decl. ¶ 5. On March 17, 2009, Dr. Lander informed Dr. Gross that the Laboratory would be closed as a cost savings measure and that Morrishow's position would be eliminated, effective July 1, 2009, as a result. Id. ¶¶ 6–7; Gross Decl. ¶ 11. Dr. Gross then

---

Nov. 9, 2012 (Docket # 30); Notice of Opposition to Defendants' Motion for Summary Judgment, filed Dec. 13, 2012 (Docket # 32) ("Pl. Opp."); Declaration of Albert M. Morrishow, dated Dec. 13, 2013 (annexed to Pl. Opp.); Plaintiff Opposition to Defendants' Statement of Undisputed Facts, dated Dec. 13, 2012 (annexed to Pl. Opp.) ("Pl. Rule 56.1 Statement"); Plaintiff Opposition to Declaration of Steven Gross, dated Dec. 13, 2012 (annexed to Pl. Opp.); Plaintiff Opposition to Declaration of Harry Lander, dated Dec. 13, 2012 (annexed to Pl. Opp.); Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, dated Dec. 13, 2012 (annexed to Pl. Opp.); Declaration of Albert M. Morrishow in Opposition to Defendant's [sic] Motion for Summary Judgment Sustaining the Complaint, dated Dec. 13, 2012 (annexed to Pl. Opp.); Declaration of Lisa Abbott, filed Jan. 3, 2013 (Docket # 34); Reply Memorandum of Law in Further Support of Defendants' Motion for Summary Judgment, filed Jan. 3, 2013 (Docket # 35).

   [2] The page numbers for plaintiff's Rule 56.1 statement correspond to the numbers generated by ECF on the electronic version of Docket # 32.

informed Morrishow that his position would be eliminated. Gross Decl. ¶ 11; see also Compl. Statement at 4 (Dr. Gross informed plaintiff in February 2009 that position would be eliminated); Deposition of Albert M. Morrishow, dated May 11, 2012 (annexed as Ex. P to Kahn Decl.) ("Morrishow Dep."), at 104:7–19 (stating Dr. Gross first informed plaintiff of layoff in late January 2009). In the first week of June 2009, Dr. Lander formally notified Morrishow of his termination and that his last day of work would be June 30, 2009. Pl. 56.1 Statement at 35; Morrishow Dep. at 108:16–109:24. Morrishow's last day of employment was June 30, 2009. Pl. 56.1 Statement at 9; Morrishow Dep. at 128:4–5.

More than a year later, on July 29, 2010, Morrishow filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). See Charge of Discrimination, dated July 29, 2010 (annexed as part of Ex. B to Kahn Decl.) ("Charge of Discrimination"); Pl. 56.1 Statement at 10. The Charge of Discrimination states that it was also to be filed with the New York State Division of Human Rights ("NYSDHR"). See Charge of Discrimination. On April 20, 2011, the EEOC issued a Dismissal and Notice of Rights which stated that "the EEOC is unable to conclude that the information obtained establishes violations of the statutes." Dismissal and Notice of Rights, dated Apr. 20, 2011 (annexed as Ex. E to Kahn Decl.); see also Pl. 56.1 Statement at 10.

Morrishow filed the instant action on July 13, 2011. See Compl. Morrishow's complaint alleges that he experienced unequal terms and conditions of employment and was terminated because of his race, color, national origin, and age in violation of Title VII, ADEA, NYSHRL, and NYCHRL. Id. ¶¶ II.A, II.D, II.E.

Defendants seek summary judgment for three reasons: (1) Morrishow has not established a prima facie case of race or age discrimination, Def. Mem. at 10–12; (2) the undisputed

evidence establishes a legitimate, non-discriminatory justification for Morrishow's termination, id. at 12–13; and (3) the federal claims are barred because Morrishow's complaint to the EEOC was untimely, id. at 13–14.  We reach only the issue of the timeliness of the administrative complaint as it suffices to dispose of this case.

II.     LAW GOVERNING MOTIONS FOR SUMMARY JUDGMENT

Fed. R. Civ. P. 56(a) states that summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether a genuine issue of material fact exists, "[t]he evidence of the non-movant is to be believed" and the court must draw "all justifiable inferences" in favor of the nonmoving party.  Id. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)). Nevertheless, once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial,'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis in original) (additional citation omitted) (quoting Fed. R. Civ. P. 56(e)), and "may not rely on conclusory allegations or unsubstantiated speculation," Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998) (citations omitted).  In other words, the nonmovant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." Anderson, 477 U.S. at 256.  Where "the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to [his] case."

Nebraska v. Wyoming, 507 U.S. 584, 590 (1993) (alteration in original) (quoting Celotex, 477 U.S. at 322) (internal quotation marks omitted).  Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case."  Allen v. Cuomo, 100 F.3d 253, 258 (2d Cir. 1996) (citing Anderson, 477 U.S. at 247–48).

III.   DISCUSSION

    A.   Timeliness of Federal Claims

The federal claims in this action, arising under Title VII and the ADEA, must be dismissed because Morrishow did not timely file his discrimination claim with the EEOC.  Under Title VII and the ADEA, an administrative charge of discrimination must be filed within 180 days of the date when the alleged unlawful employment practice occurred.  See 42 U.S.C. § 2000e–5(e)(1); 29 U.S.C. § 626(d)(1)(A).  However, the limitations period for filing an administrative charge is extended to 300 days where the employee initially files a complaint with a state agency authorized to seek relief with respect to unlawful employment practices.  See 42 U.S.C. § 2000e–5(e)(1); 29 U.S.C. §§ 626(d)(1)(B), 633(b); accord Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002).  Pursuant to a work sharing agreement, the EEOC and NYSDHR have each designated the other as an agent for purposes of receiving discrimination complaints.  Tewksbury v. Ottaway Newspapers, Inc., 192 F.3d 322, 327 (2d Cir. 1999); Torrico v. Int'l Bus. Machs. Corp., 319 F. Supp. 2d 390, 401 (S.D.N.Y. 2004).  Under this agreement, even when a complaint is physically filed with the EEOC, it is "deemed" to have been "initially" filed with the NYSDHR, entitling a plaintiff to rely on the 300-day limitation period.  Tewksbury, 192 F.3d at 326–27; accord Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 112 (2d Cir. 2008) (300 days to file ADEA claims); Anderson v. Davis Polk & Wardwell LLP,

2012 WL 734120, at *6 (S.D.N.Y. Mar. 6, 2012) (under work sharing agreement, "a claim initially filed with the EEOC is deemed filed initially with the state agency and accordingly a complaint filed within 300 days of the unlawful employment practice with the EEOC is timely") (citation and internal quotation marks omitted); Torrico, 319 F. Supp. 2d at 403 (300-day limitation period applied even when plaintiff presented no evidence that the complaint was ever transmitted to NYSDHR to investigate). Thus, even though Morrishow filed his complaint only with the EEOC, he benefits from the 300-day limitations period.

Discrete discriminatory acts, such as an unlawful termination, are not actionable unless they are raised in an administrative complaint within the limitations period. Morgan, 536 U.S. at 113; McGullam v. Cedar Graphics, Inc., 609 F.3d 70, 75 (2d Cir. 2010) ("[S]ection 2000e-5(e)(1) precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period, even if other acts of discrimination occurred within the statutory time period.") (emphasis in original) (citations and internal quotation marks omitted). "Each discrete discriminatory act starts a new clock for filing charges alleging that act." Morgan, 536 U.S. at 113. Claims of hostile work environment, on the other hand, which by "[t]heir very nature involve[] repeated conduct" and "therefore cannot be said to occur on any particular day," McGullam, 609 F.3d at 75 (quoting Morgan, 536 U.S. at 115), may encompass the "behavior alleged outside the statutory time period . . . so long as an act contributing to that hostile environment takes place within the statutory time period," Morgan, 536 U.S. at 105.

Here, Morrishow's termination is a discrete act that occurred more than 300 days before he filed a charge with the EEOC. The Second Circuit has held that where the illegal act is "the decision to terminate the employee, . . . the limitations period begins to run on the date that the employer gives definite notice of that decision to the employee." Flaherty v. Metromail Corp.,

235 F.3d 133, 137 (2d Cir. 2000) (citing Chardon v. Fernandez, 454 U.S. 6, 8 (1981); Del. State Coll. v. Ricks, 449 U.S. 250, 258 (1980)); accord Miller v. Int'l Tel. & Tel. Corp., 755 F.2d 20, 23 (2d Cir.) (citing cases) ("[I]n the case of a discriminatory discharge, [the limitations period] starts running on the date when the employee receives a definite notice of the termination, not upon his discharge."), cert. denied, 474 U.S. 851 (1985). It is undisputed that Dr. Lander gave Morrishow definite notice of his termination in the "first week of June 2009." Pl. 56.1 Statement at 35; Morrishow Dep. at 108:16–109:24. Assuming that this communication took place as late as Sunday, June 7, 2009, the time to file a complaint of discrimination with respect to the termination elapsed on Monday, April 5, 2010.[3] Yet, Morrishow did not file his complaint with the EEOC or NYSDHR until July 29, 2010. See Pl. 56.1 Statement at 10; Charge of Discrimination. Accordingly, Morrishow's claims of unlawful termination in violation of Title VII and ADEA are untimely. Indeed, his claims would be untimely even if the limitations period was measured from the effective date of his termination, July 1, 2009, as opposed to the date on which he was given notice of his termination.

Morrishow also complains about the terms and conditions of his employment and includes allegations with which he presumably intends to show a hostile work environment during the course of his employment. See Compl. ¶ II.A; Compl. Statement at 3–4. While acts forming a hostile work environment claim that fall outside the limitations period may be included in a timely claim, there must be at least one "act contributing to that hostile

---

[3] Computed from June 7, 2009, the 300th day falls on Saturday, April 3, 2010. But the statutory deadline would be extended to the next business day pursuant to Fed. R. Civ. P. 6(a)(1)(C), as 42 U.S.C. § 2000–5(e)(1) does not specify an alternative method for computing time. See Waites v. Kirkbride Ctr., 2011 WL 2036689, at *5 n.4 (E.D. Pa. May 23, 2011); see also Kane v. Douglas, Elliman, Hollyday & Ives, 635 F.2d 141, 142 (2d Cir. 1980) (per curiam) (applying Fed. R. Civ. P. 6(a) to computation of time under 42 U.S.C. § 2000–5(f)).

environment [that] takes place within the statutory time period." Morgan, 536 U.S. at 105. Here, Morrishow's claims relating to a hostile work environment or unequal terms and conditions of employment all predate his termination. See, e.g., Compl. Statement at 3–4 (Morrishow improperly assigned billing responsibilities from 1998 to June 30, 2009); id. at 4 (Morrishow improperly blamed for a child spilling chemicals on himself in 2000); id. at 3 (accusation that Morrishow had improperly prepared a sample in September 2006); id. (Morrishow not receiving an acknowledgment in an article in January 2009); Morrishow Dep. at 57:6, 97:3–14 (new employee receiving preferential treatment from 2006 to June 2009). Because all these matters preceded his termination, they all occurred more than 300 days prior to Morrishow filing the EEOC claim. Thus, Morrishow's claims regarding the terms and conditions of employment in violation of Title VII or ADEA are also untimely. See, e.g., Predun v. Shoreham-Wading River Sch. Dist., 489 F. Supp. 2d 223, 227–28 (E.D.N.Y. 2007) (claim untimely where there was no evidence of unlawful discriminatory acts constituting hostile work environment within 300 days of filing complaint with administrative agencies).

The limitation period for filing a complaint with the administrative agencies is not jurisdictional and therefore is subject to equitable tolling. Zerilli-Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (citing cases). But equitable tolling "is only appropriate in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." Id. (internal citations, quotation marks, and brackets omitted); accord Miller, 755 F.2d at 24 (tolling inappropriate "unless the employee was actively misled by his employer, he was prevented in some extraordinary way from exercising his rights, or he asserted his rights in the wrong forum"). Also, to "'merit equitable relief, a plaintiff must have acted with reasonable diligence during the time period [he] seeks to have tolled.'" Paneccasio,

532 F.3d at 112 (quoting Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir. 2002)). "The burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000) (citation omitted). Here, defendants argued in their memorandum of law that equitable tolling is inapplicable. See Def. Mem. at 13–14. In response, Morrishow offered nothing to explain his delay in filing the EEOC charge — let alone an explanation that would qualify him for equitable tolling.

    B.    State Law Claims

The Court has up until now accepted jurisdiction over plaintiff's state law claims pursuant to the supplemental jurisdiction provision of 28 U.S.C. § 1367(a). But section 1367(c) gives courts discretion to "decline to exercise supplemental jurisdiction over a claim . . . [where] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Second Circuit has held that where, as here, "the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims." Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y., 464 F.3d 255, 262 (2d Cir. 2006), cert. granted, 550 U.S. 956, and cert. dismissed, 552 U.S. 1085 (2007); accord Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) (In cases where "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims.").

In accordance with this case law, because this case is still in the pre-trial stages, the Court should decline to exercise supplemental jurisdiction over the state law claims. See, e.g., Karmel v. Claiborne, Inc., 2002 WL 1561126, at *3 (S.D.N.Y. July 15, 2002) ("[W]hen federal claims

are dismissed early in the litigation — for example, before trial on a summary judgment motion — dismissal of state law claim[s] . . . is appropriate.") (alterations in original) (quoting Cobbs v. CBS Broad., 1999 WL 244099, at *8 (S.D.N.Y. Apr. 26, 1999)); see also Baggett v. Piedmonte, 2013 WL 474360, at *5 (N.D.N.Y. Feb. 7, 2013) (dismissing state law claims where federal law claims were dismissed, "no substantial motions [other than the instant motion for summary judgment] have been filed, . . . the Court has issued no substantial opinions[,] . . . this case is less than a year old, [and] no discovery has been performed."). Accordingly, the state law claims should be dismissed without prejudice. See Ricci v. DeStefano, 530 F.3d 88, 122 (2d Cir. 2008) (dismissing state law claims where federal claims were eliminated on summary judgment); Crippen v. Town of Hempstead, 2013 WL 1283402, at *18 (E.D.N.Y. March 29, 2013) (same). This is particularly appropriate given that the "NYCHRL require[s] application of a . . . standard with which the [New York] state courts are more familiar." Vuona v. Merrill Lynch & Co., Inc., 2013 WL 271745, at * 28 (S.D.N.Y. Jan. 24, 2013) (granting summary judgment on federal employment discrimination claims and declining to exercise supplemental jurisdiction over NYCHRL law claims).

IV.     CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (Docket # 22) should be granted to the extent that the Title VII and ADEA claims are dismissed with prejudice. The remaining state law claims should be dismissed without prejudice.

**PROCEDURE FOR FILING OBJECTIONS TO THIS
REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to

serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. George B. Daniels, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Daniels. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: May 15, 2013
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies to:

Albert Marcus Morrishow
30 Richman Plaza, Apartment 30E
Bronx, NY 10453

Counsel by ECF