UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

ALBERT MARCUS MORRISHOW,    :

                Plaintiff,    :

          -against-    :    MEMORANDUM DECISION
                                                  AND ORDER
WEILL MEDICAL SCHOOL OF CORNELL    :    11 Civ. 5103 (GBD)(GWG)
UNIVERSITY, STEVEN GROSS, and HARRY
LANDER,    :

                Defendants.    :

------------------------------------X



GEORGE B. DANIELS, District Judge:

    *Pro se* Plaintiff Albert Marcus Morrishow brings this action pursuant to Title VII of the Civil Rights Act of 1964, *42 U.S.C. §2000e et seq.*, the New York State Human Rights Law ("NYSHRL"), *N.Y. Exec. Law § 290 et seq.*, the New York City Human Rights Law ("NYCHRL"), *N.Y City Admin, Code §8-101 et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), *29 U.S.C. §621 et seq.*, against Defendants Weill Medical School of Cornell University, Steven Gross, and Harry Lander, alleging discrimination on the basis of age, race, color, and national origin. Defendants move for summary judgment pursuant to Fed. R. Civ. P. 56.

    This matter was referred to Magistrate Judge Gabriel W. Gorenstein for his Report and Recommendation ("Report"). On May 15, 2013, Magistrate Judge Gorenstein recommended that Defendants' motion for summary judgment be granted with respect to Morrishow's Title VII and ADEA claims because Morrishow's filing of these federal claims was untimely, and that the Court decline to exercise supplemental jurisdiction and dismiss Morrishow's remaining state claims without prejudice.

The Court may accept, reject, or modify the findings set forth within the Report. *28 U.S.C. § 636(b)(1)(C)*. When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005). In his Report, Magistrate Judge Gorenstein advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. *See 28 U.S.C. § 636(b)(1)*; *Fed. R. Civ. P. 72(b)*. Neither party filed objections to the Report. As there is no clear error on the face of the record, the recommendations in Magistrate Judge Gorenstein's Report are adopted in their entirety.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. The moving party has the burden of proving that there is no factual dispute, and once this burden is met, the non-moving party must submit facts showing there is a genuine issue. *Fed. R. Civ. P. 56(e)*. The Court must resolve all ambiguities and draw all reasonable inferences in favor of the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Summary judgment should be granted only when no reasonable trier of fact could find in favor of the non-moving party. *Gallo v. Prudential Residential Services, Ltd.*, 22 F.3d 1219, 1224 (2d Cir. 1994).

Untimely Filing of Federal Claims

Magistrate Judge Gorenstein properly concluded that Morrishow's federal claims under Title VII and ADEA must be dismissed because Morrishow did not timely file his discrimination claim with the United States Equal Employment Opportunity Commission ("EEOC"). Administrative charges of discrimination must be filed within 180 days after the alleged

unlawful employment practice, unless the employee previously filed a complaint with a state or local agency authorized to provide relief for unlawful employment practices, in which case the aggrieved party may file the charge within 300 days after the date of the allegedly unlawful practice. *42 U.S.C. §2000e-5(e)(1)*. Morrishow's previous filing with the EEOC may be deemed a filing with the New York State Division of Human Rights ("NYSDHR") as a result of a work sharing agreement between the two agencies. Morrishow was thus entitled to the 300-day limitation period. *Tewksbury v. Ottaway Newspapers, Inc.*, 192 F.3d 322, 326-37 (2d Cir.1999); *Paneccasio v. Uniscore Worldwide, Inc.*, 532 F.3d 101, 112 (2d Cir. 2008).

Magistrate Judge Gorenstein correctly determined that Morrishow's claims for unlawful termination and creation of a hostile work environment are time-barred. The limitations period for unlawful termination begins when the employee receives definite notice of his termination. *Flaherty v. Metromail Corp.*, 235 F.3d 133, 137 (2d Cir. 2000). In this case, it is undisputed that Morrishow received notice of his termination during the first week of June 2009, with his last day of work being June 30, 2009.[1] The 300-day limitations period thus began to run no later than June 2009 and elapsed no later than April 2010. Morrishow did not, however, file his complaint with the EEOC or the NYSDHR until July 29, 2010.[2] *See* Charge of Discrimination with Equal Employment Opportunity, dated July 29, 2010 (annexed as part of Ex. N to Kahn

---

[1] Morrishow's complaint states that he received formal notice of his termination on June 8, 2009. *See* Compl., dated July 11, 2011 (ECF No. 2) at 9. In his Report, Magistrate Judge Gorenstein noted that Morrishow received notice of termination during the first week of June, no later than June 7, 2009. The discrepancy between the two dates, however, is immaterial because Morrishow's EEOC filing was untimely with respect to either date.

[2] Morrishow's complaint states that "It is [his] best recollection that [he] filed a charge with the Equal Employment Opportunity Commission of [his] Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: July 27, 2010. *See* Compl. at 3. The factual record indicates that the charge was filed on July 29, 2010. *See* Charge of Discrimination with Equal Employment Opportunity, dated July 29, 2010 (annexed as part of Ex. N to Kahn Decl.) ("Charge of Discrimination"); Pl.56.1 Statement at 10. The discrepancy between these two dates is also inconsequential, as Morrishow's EEOC filing was untimely with respect to either date.

3

Decl.) ("Charge of Discrimination"); Pl. 56.1 Statement at 10. Similarly, for acts forming a hostile work environment claim, at least one "act contributing to the hostile environment [must] take[] place within the statutory time period." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 105 (2002). All of his allegations relating to a hostile work environment or unequal terms and conditions of employment, however, predate his June 2009 notice of termination. Thus, Morrishow's hostile work environment claim is also untimely.

Magistrate Judge Gorenstein also properly concluded that Morrishow is not eligible for equitable tolling of the limitation period because Morrishow failed to demonstrate that: (1) the conditions preventing him from filing the claim within the statute of limitations were extraordinary; and that (2) he exercised reasonable diligence in pursuing the case. In fact, Morrishow offers no evidence to show that he was prevented from exercising his right to pursue a claim against Defendants. Therefore, the statute of limitations for Morrishow's Title VII and ADEA claims is not tolled.

## Dismissal of State Law Claims

The Court also adopts Magistrate Judge Gorenstein's recommendation to decline to exercise supplemental jurisdiction and dismiss Morishow's state law claims without prejudice. Second Circuit case law establishes that where all federal claims have been dismissed before trial, state law claims attached under pendant jurisdiction should be dismissed as well. *Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006); *Byrne v. Ceresia*, 503 F. App'x 68, 69 (2d Cir. 2012). Given the dismissal of the federal claims in the instant action, this Court declines to exercise supplemental jurisdiction over Morrishow's state law claims.

4

## CONCLUSION

The Magistrate Judge's Report is adopted in its entirety. Defendants' Motion for summary judgment is GRANTED to the extent that Morrishow's Title VII and ADEA claims are dismissed as untimely. His remaining state law claims are dismissed without prejudice. The Clerk of Court is directed to close this case.

Dated: New York, New York
June 17, 2013

SO ORDERED:

*George B. Daniels* (signature)

GEORGE B. DANIELS
United States District Judge